

**ORDERED in the Southern District of Florida on February 20, 2015.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

ROLAN DEL CALLEJO and
PATRICIA M. MARQUEZ,
    Debtors.
_____/

Case No.: 14-25597 BKC AJC

Chapter 7

### ORDER OVERRULING TRUSTEE'S
### OBJECTION TO DEBTORS' CLAIMED EXEMPTIONS

THIS MATTER came before the Court for hearing on February 3, 2015 at 11:00 a.m. (the "Hearing") upon the *Trustee's Objection to Debtors' Claimed Exemptions* (the "Trustee's Objection") *and Motion for Turnover of Personal Property*[1] [ECF No. 67] and the Debtors' Response thereto [ECF No. 71]. The Court has heard the arguments of

---

[1] At the hearing, the Trustee's counsel announced that the parties had agreed to continue the Trustee's *Motion for Turnover of Personal Property* and said motion was reset for further hearing [*See* ECF No. 71].

1

counsel at the Hearing, has considered the Objection, the Debtors' Response thereto and the post-hearing submissions of the parties in the form of proposed orders. Being fully advised in the matter, the Court determines that consideration of the Trustee's Objection and the Debtors' Response thereto is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), the Court has jurisdiction over the matters raised in the Trustee's Objection and Debtors' Response thereto pursuant to 28 U.S.C. §§ 157 and 1334, and Overrules the Objection as set forth herein.

## BACKGROUND

On July 9, 2014, the Debtors filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Debtors have lived in a single family home located at 101 S.W. 132nd Avenue, Miami, Florida 33184 (the "Residence") continuously since it was purchased in 2001. The Residence is titled in the name of the Co-Debtor Patricia Marquez, and is located outside of a municipality in unincorporated Miami-Dade County, Florida. The Debtors' have claimed the Residence exempt as their homestead pursuant to Fla. Const. Art. X, § 4(a)(1) and Fla. Stat. Ann. §§ 222.01 & 222.02 in their bankruptcy schedules [ECF No. 1]. For a number of years the Debtors have tutored children within a portion of the Residence and charged for the teaching services they provided.[2] The Room(s) used by the Debtors to tutor children is also used by them as a family living area when not used to tutor children.

The Trustee argues that the Debtors are not entitled to exempt the entire Residence pursuant to Florida's homestead exemption and that any portion of the home

---

[2] The Trustee's Objection alleges that the Debtors were not "tutoring" children as they claimed but were rather running a "home school," something which the Debtors deny in their Response. The Court finds that this factual distinction is not material for the purposes of the instant analysis.

2

that does not function solely for residential purposes and is utilized, either in whole or in part, for business (such as any portion of the home where children were being taught by the Debtors) must be apportioned for the benefit of the estate.[3] The Debtors argue that the Trustee's position is unsupported by existing case law or constitutes an overly broad interpretation of existing case law that is inapplicable given the undisputed facts in this case.

## CONCLUSIONS OF LAW

The Florida Constitution provides in pertinent part:

> "(a) There shall be exempt from forced sale . . . the following property owned by a natural person:
> (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, . . . or if located within a municipality, to the extent of one-half acre of contiguous land upon which the exemption shall be limited to the residence of the owner or his family"

Fla. Const. Art. X, § 4(a)(1).[4]

Florida courts have long recognized that the "constitutional and statutory provisions with reference to homestead should be interpreted in the liberal and beneficent spirit in which they were conceived and enacted in the interest of the family home." *White v. Posick*, 150 So. 2d 263, 265 (Fla. 2d DCA 1963); *see also, In re Ballato*, 318 B.R. 205 (Bankr. M.D. Fla. 2004) (noting the homestead exemption established by the

---

[3] At the Hearing, the Trustee's counsel argued that pursuant to *In re: Englander*, 95 F.3d 1028, 1032 (11th Cir. 1996), the preferred resolution of objections to claimed homestead exemptions is to allow the property to be sold and to apportion the proceeds between the estate and the Debtors on account of that portion deemed to be the Debtors' homestead.

[4] In 1968 the Florida constitution was amended to eliminate business property from homestead eligibility. "Prior to the 1968 Amendment to Article X, § 4 . . . a homestead exemption was allowed for the `residence and business house of the owner . . .' which allowed an owner to claim as exempt not only his dwelling house but also other structures which were used for business or were income-producing rental property. *Matter of Aliotta*, 68 B.R. 281, 282 (Bankr. M.D. Fla. 1986) (internal citations omitted).

Florida constitution was designed to protect and preserve the family home); and *In re Israel*, 94 B.R. 729, 730 (Bankr.N.D.Fla. 1988) *citing Quigley v. Kennedy & Ely Insurance, Inc.*, 207 So.2d 431 (Fla. 1968) (noting that Florida courts hold that the homestead exemption shall be liberally construed "in the interest of protecting the family home.").

In Florida, homestead is established by actual occupancy of the subject property accompanied by the intent to reside in the property as one's homestead. *See In re Lee*, 223 B.R. 594, 5989 (Bankr. M.D. Fla. 1998) *citing Hillsborough Investment Co. v. Wilcox*, 152 Fla. 889, 13 So.2d 448, 450 (1943) ("Homestead status is established by the actual intention to live permanently in a place coupled with actual use and occupancy."). Further, in *In re Wierschem*, 152 B.R. 345 (Bankr. M.D. Fla. 1993) the court recognized that "[w]hile the Florida Constitution does not define the term 'homestead,' it does provide various limitations and requirements.  Among these are an acreage limitation, an ownership requirement, and a residency limitation." *Id.* at 347.  For property to be eligible for Florida's homestead exemption it must meet all of the requirements of the Florida Constitution.  *In re Englander*, 95 F.3d 1028 (11th Cir. 1996).  *See also, Wierschem*, 152 B.R. at 349 (court sustained objection to claimed homestead to the extent that it exceeded the residency limitation because the Debtor only resided in a portion of the building and rented the remaining units).

To the extent courts have found abandonment or waiver of the homestead exemption in a residential property with a single family residence, those rulings have traditionally been limited to a separate structure on the property where the homeowner, at some relevant time, used that portion of the property to generate income. *See, e.g., In re*

4

*Rodriguez*, 55 B.R. 519 (Bankr. S.D. Fla. 1985); *Weiss v. Stone*, 220 So. 2d 403 (Fla. 3d DCA 1969), appeal dismissed, 225 So. 2d 913 (Fla. 1969); *see also*, *McEwen v. Larson*, 185 So. 866 (Fla. 1939) (finding portion of homestead on which the owner built an apartment house and garage for rental income ineligible for homestead exemption). However, with regard to business activity conducted within a family residence, as opposed to a structure separate from the family dwelling, courts have not previously denied or otherwise abridged a claim of homestead exemption.

In a similar case, this District in *Edward Leasing Corp. v. Uhlig*, 652 F. Supp. 1409 (S.D. Fla. 1987), determined that the residential property of a marine repairer, which included a separate office building, qualified for homestead exemption despite having been previously used for business purposes and held that:

> "With respect to the business activities conducted within the Uhlig family residence, the Court finds no factual or legal basis to support Plaintiff's claim that any or all of this structure should be denied homestead exemption under Art. X, § 4. ***In the century which has passed since the enactment of Florida's first homestead exemption clause, in 1885, not a single reported case has declared a residential unit occupied by the owner as his family home to be non-exempt simply because the owner conducted business activities within those premises***. The facts here must be distinguished from those in *Smith* and its progeny, in which exemption from forced sale was denied with respect to those portions of homestead property, **separate** from the owner's family dwelling unit, which the owner rented to one or more tenants. *See e.g., Smith v. Guckenheimer*, 42 Fla. 1, 27 So. 900 (1900) (owner lived with his family on second floor and rented out store rooms on ground floor); *McEwen v. Larson*, 136 Fla. 1, 185 So. 866 (1939) (owner built and rented out an apartment house and garage, both of which were separate from his family's dwelling); *Weiss v. Stone*, 220 So.2d 403 (Fla. 3d DCA 1969) (owner lived in one of five units in a single-story apartment building); *In re Rodriguez*, 55 B.R. 519 (Bankr.S.D.Fla. 1985) (rental unit was separated from owner's residence by an internal wall and had a separate entrance).
>
> Just as reported case law does not support Plaintiff's demand that the Uhligs' actual residence be denied homestead exemption because parts of it were at times used for business purposes, the language contained in Art. X, § 4 of the 1968 constitution similarly discourages such a restrictive application of the exemption. ***Art. X, § 4 limits the homestead exemption to "the residence of the owner or his***

5

> *family"; it does not limit what the owner or his family can do within the four walls of that residence. Indeed, to do so would place homeowners in this state who operate businesses out of their homes, for reasons of economy or industry custom, at an enormous disadvantage relative to their counterparts who commute to their jobs.*"

*Id.* at 1416-17 [*emphasis added*].

The court in <u>Edward Leasing v. Uhlig</u> reasoned that "[t]he language of Art. X, § 4, guaranteeing homestead protection to family residences, does not indicate that this protection should be abridged because of business activities within the dwelling." *Id.* at 1417.

Despite the long history of courts holding that Florida's homestead exemption be liberally construed in the interest of protecting the family home and protecting activity occurring within the walls of the family dwelling, the Trustee contends that "[i]n this circuit, a debtor is not entitled to exempt as homestead any portion of property utilized (in whole or in part) for business" and states that "Bankruptcy courts in other states faced with similar facts have ruled similarly." *Trustee's Objection, at Paragraph 4*. In support of this position the Trustee cites several cases which are inapplicable and factually distinguishable from the instant case.[5] *See Trustee's Objection, at Footnotes 2 and 3.*

---

[5] The following cases are cited in Trustee's Objection: 1) *In re: Wilson*, 393 B.R. 778 (Bankr. S.D. Fla. 2008)(Chapter 13 bankruptcy case where the Court found that the debtor was not entitled to a homestead exemption on an entire commercial building primarily used for business purposes and housing an adult entertainment club which contained a small apartment on the second floor which was the debtor's residence); 2) *In re: Turner*, Case No. 04-40267-DRD, 2005 WL 1397150 (Bankr. W.D. Mo. 2005)(converted Chapter 7 bankruptcy case applying Missouri law where the debtor was found to have properly claimed a homestead exemption on a twenty-five (25) acre tract of real property zoned for both commercial and agriculture use and containing structures used as storage facilities and previously rented to the public but which the debtor began residing in several months prior to filing the petition.); 3) *In re: McClain*, 281 B.R. 769 (Bankr. M.D. Fla. 2002)(Chapter 13 bankruptcy case where the Court overruled a creditor's objection to debtors' claimed homestead exemption of a 160 acre portion of a parcel of

6

In this case, there is no dispute that at all pertinent times the Debtors permanently resided in the Residence, that the Co-Debtors are the record title owners of the property, that the property is a residential single family unit, and that the Debtors taught children within the walls of their home in which the family resides and fully occupies. As such, based on the facts in this case and the existing case law the Debtors are entitled to claim the homestead exemption for the entire Residence.

**ORDERED AND ADJUDGED** that the Trustee's Objection is OVERRULED with respect to the issue of Debtors' homestead exemption. The Trustee's request for turnover of personal property will be heard at a further hearing on May 13, 2015 at 10:30 am.

###

This order prepared by:
Emmanuel Perez, Esq.
901 Ponce De Leon Blvd.
Suite 101
Coral Gables, FL  33134
Tel. 305-442-7443

Copy to:

*Attorney, Emmanuel Perez, shall serve a conformed copy of this order upon all parties in interest and file a certificate of service with the Clerk of Court.*

---

land where the debtors were residing in an affixed yet non-exempt motor home.); 4) *In re: Pich*, 253 B.R. 562 (Bankr. D. Idaho 2000)(Chapter 13 bankruptcy case applying Idaho law where the Court sustained a creditor's objection on the theory of judicial estoppel because the debtor had previously applied for a zoning reclassification from commercial to light industrial (expressly prohibiting residential use) for the purpose of constructing a building originally built to house the debtor's business while the debtor lived in Moscow but which the debtor later claimed he had always intended to reside in upon the building's completion.)